O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LUCY TAYLOR,<br><br>             Plaintiff,<br><br>     v.<br><br>UNIVERSAL CITY STUDIOS, LLC et al.,<br><br>             Defendants. | Case № 2:25-cv-01780-ODW (SKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]** |

## I.   INTRODUCTION

Plaintiff Lucy Taylor brings this action against Defendant Universal City Studios, LLC ("Universal") for negligence and premises liability, after she tripped and fell over a dolly on Universal's premises.  (Decl. Jaion Chung ISO Notice of Removal ("Chung Decl.") Ex. A ("Compl."), ECF No. 1-2.)  Universal removed the case from state to federal court, (Notice of Removal ("NOR"), ECF No. 1), and Taylor now moves to remand back to Los Angeles County Superior Court based on Universal's untimely removal, (Mot. Remand ("Motion" or "Mot."), ECF No. 8).  For the reasons that follow, the Court **GRANTS** Taylor's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On September 6, 2024, Taylor initiated this action against Universal in Los Angeles County Superior Court. (*See* Compl.) On September 10, 2024, Taylor served Universal with the Summons and Complaint. (Chung Decl. Ex. B ("Proof of Service"), ECF No. 1-2.) In the Complaint, Taylor does not state a damages figure. (*See generally* Compl.)

On September 17, 2024, Taylor's counsel emailed a demand letter to Universal's third-party claims adjuster, demanding "$435,000.00 to resolve this matter" and requesting a response by October 7, 2024. (Decl. Joshua W. Glotzer ISO Mot. ("Glotzer Decl.") Ex. A ("Settlement Demand") 5, Ex. B ("Sept. 17, 2024 Email"), ECF Nos. 8, 8-1.) The adjuster responded the following day and copied Universal's counsel in the email. (Sept. 17, 2024 Email.) In the Settlement Demand, Taylor detailed her specific injuries and treatments, which reflected a total of $71,160.53 in medical expenses as of the date of the letter. (Settlement Demand 2–4.) Taylor also stated that her injuries would require future medical treatment and "demand a significant general damages award at trial." (*Id.* at 4.) On October 7, 2024, Universal rejected Taylor's Settlement Demand. (Glotzer Decl. Ex. C ("Demand Rejection"), ECF No. 8-1.)

Subsequently, on February 3, 2025, in response to Universal's discovery requests, Taylor provided a Statement of Damages reflecting the same medical expenses and damages as in the Settlement Demand. (Chung Decl. ¶¶ 8–9, Ex. D ("Taylor Interrog. Resp."), Ex. E ("Statement Damages"), ECF No. 1-2.) Twenty-five days later, on February 28, 2025, Universal removed the case to federal court based on Taylor's February 3, 2025 responses. (NOR ¶¶ 17, 27.)

Taylor now moves to remand arguing that Universal removed the case more than thirty days after receiving notice of removability. (*See* Mot.) The Motion is fully briefed. (*See* Opp'n, ECF No. 9; Reply, ECF No. 10.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Two thirty-day periods govern a defendant's time to remove a case. 28 U.S.C. § 1446(b). "[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (discussing 28 U.S.C. § 1446(b)(1)). "If no ground for removal is evident" "through examination of the four corners" of that pleading, the case is not removable at that time. *Id.* The second thirty-day period is triggered by defendant's receipt of "an amended pleading, motion, order or other paper" that reveals a basis for removal. *Id.* (citing 28 U.S.C. § 1446(b)(3)). "[T]he [thirty-day] statutory time limit for removal petitions . . . is not jurisdictional," but it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (second alteration in original) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

## IV. DISCUSSION

Neither party disputes that this case satisfies the requirements for subject matter jurisdiction based on the parties' diversity and the amount in controversy. (*See* Mot. 2 ("[Universal] was on notice that Plaintiff's damages reasonably exceeded $75,000 and had 30 days to seek removal."); Opp'n 6 ("The amount in controversy exceeded $75,000.00 and . . . [Universal] . . . had grounds for removal.").) Rather, Taylor moves to remand the case to state court on the grounds that Universal removed too late.

(Mot. 4.) She also contends that, because Universal was objectively unreasonable to remove so late, she is entitled to her attorneys' fees and costs. (*Id.* at 13–14.)

**A.     Timeliness of Removal**

Taylor argues removability was apparent from her Complaint served on September 10, 2024, which triggered the first thirty-day removal period under 28 U.S.C. § 1446(b), and from her Settlement Demand emailed on September 17, 2024, which triggered the second. (*See id.* at 8–13.) The Court need not evaluate whether the Complaint provided notice of removability because, even if it did not, the Settlement Demand did.

The plain language of 28 U.S.C. § 1446(b)(3) states that the second thirty-day window begins when a defendant receives "other paper" "through service or otherwise . . . from which it may first be ascertained that the case is . . . removable." Relevant here, "a demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

On September 17, 2024, Taylor emailed the Settlement Demand to Universal's third-party claims adjuster, who confirmed receipt and copied Universal's counsel the following day. (Sept. 17, 2024 Email.) In the Settlement Demand, Taylor listed specific injuries, described the treatments Taylor had received to date, and itemized the $71,160.53 in costs associated with her then-current medical care. (Settlement Demand 2–4.) Taylor advised Universal that she required additional medical treatment and asked for "$435,000.00 to resolve this matter." (*Id.* at 5.) The Settlement Demand thus provided a reasonable estimate of Taylor's claims and qualified as "other paper" under § 1446(b)(3). *Carvalho*, 629 F.3d at 885.

Further, on October 7, 2024, Universal rejected Taylor's Settlement Demand. (Demand Rejection.) This shows that Universal was aware, through the Settlement Demand, that Taylor sought damages in excess of $75,000 by October 7, 2024, at the

latest, when it rejected her Settlement Demand, and by September 18, 2024, at the earliest, when it received Taylor's Settlement Demand through its claims adjuster. (*See* Demand Rejection (dated Oct. 7, 2024); *see also* Sept. 17, 2024 Email (copying Settlement Demand to Universal's counsel on Sept. 18, 2024).) As the Settlement Demand qualified as an "other paper" from which Universal could ascertain removability, Universal's receipt triggered the second thirty-day removal period under § 1446(b)(3).

Universal disputes that the Settlement Demand triggered the second removal period on two grounds: (1) in sending the Settlement Demand to Universal's third-party claims adjuster, Taylor did not properly serve it on Universal; and (2) the amounts in the Settlement Demand are from lien-based medical bills and therefore do not reflect the reasonable value of the services. (Opp'n 4–6.)

First, Universal argues that Taylor "did not properly serve the demand on" Universal. (Opp'n 4.) However, as noted, 28 U.S.C. § 1446(b)(3) permits notice of removability based on "other paper" "through service *or otherwise*." (Emphasis added). Universal provides no case law supporting its claim that formal service of the demand was required to start the second removal period when Taylor had already formally served the Complaint, and the Court declines to read out of the statute the language "or otherwise."[2]

---

[2] To the extent binding authority addresses the phrase "through service or otherwise," it applies only to the first paragraph of section 1446(b), not to the third paragraph at issue here. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999) (holding that the use of the phrase "through service or otherwise" under section 1446(b)(1) "was not intended to bypass service as a starter for § 1446(b)'s clock"). Courts in the Ninth Circuit have declined to extend *Murphy*'s holding to the second thirty-day window under section 1446(b)(3). *See, e.g.*, *Lucente S.P.A. v. Apik Jewelry, Inc.*, No. 2:07-cv-04005-MMM (RZx), 2007 WL 7209938, at *2 n.11 (C.D. Cal. Oct. 3, 2007) ("The logic of *Murphy Bros.* is applicable only to removal under paragraph one of § 1446(b) because . . . [o]nce a party is subject to the court's jurisdiction, the requirement that the time period for removal run from formal service makes little sense."); *TIG Ins. Co. v. Aon Re, Inc.*, No. C-06-848 MMC, 2006 WL 954177, at *1 n.2 (N.D. Cal. Apr. 12, 2006) ("Personal service of papers other than the summons and complaint is not required.").

Second, Universal argues the Settlement Demand did not reflect a reasonable estimate of Taylor's claims, and thus did not trigger the second thirty-day removal period, because the lien-based medical expenses in Taylor's Settlement Demand are "greater than the amount tha[t] will actually be paid and accepted as full payment." (Opp'n 4–6.) Taylor asserts that she "received care that was not subject to preexisting contractual adjustments," so "there is no obligation for the providers to accept one penny less than the full amount owed." (Reply 3.) She contends that "the amounts billed for medical services" are thus sufficient "to prove the services' reasonable value." (*Id.* at 4 (quoting *Pebley v. Santa Clara Organics, LLC*, 22 Cal. App. 5th 1266, 1269 (2018)).) Indeed, a medical lien may reflect a reasonable estimate of the plaintiff's claim, "as long as the plaintiff legitimately incurs those expenses and remains liable for their payment." *Moore v. Mercer*, 4 Cal. App. 5th 424, 440 (2016) (emphasis omitted).

Despite bearing the burden to establish removal jurisdiction, Universal offers nothing to show that the medical bills reflected in Taylor's Settlement Demand will, for any reason, be discounted. (*See* Opp'n 4–6.) Moreover, Universal's argument, that the amounts in the Settlement Demand are unreasonable, is belied by Universal's reliance on the very same figures in its Notice of Removal. (*Compare* Settlement Demand 4 (itemizing $71,160.53 in incurred expenses and "unknown" amount in "[f]uture [m]edical [c]are"), *with* NOR ¶ 18 (relying on Taylor's Statement of Damages and Interrogatory Responses itemizing $71,160.53 in incurred expenses and "an undisclosed amount in future medical treatment").) Accordingly, Universal fails to establish that the Settlement Demand was unreasonable on the basis that it reflected lien-based medical bills.

The cases upon which Universal relies for the contrary proposition are inapposite. (Opp'n 4–5 (discussing *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541 (2011), and *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308 (2013), *as modified* (May 13, 2013)).) Neither case addresses removal and both are distinguishable, as the plaintiffs were insured and not subject to the providers' full bills because plaintiffs'

1  insurers had negotiated contractually reduced amounts. *See Howell*, 52 Cal. 4th at 567
2  (finding the medical provider agreed to accept "an amount less than the provider's full
3  bill"); *Corenbaum*, 215 Cal. App. 4th at 1329 (finding the insurer "negotiated and paid"
4  a lower amount than the full bill). Universal offers nothing to suggest that Taylor is
5  insured, that her medical providers have accepted negotiated-fee agreements, or that
6  they will require Taylor to pay any less the entire amount billed for treatment. As such,
7  *Howell* and *Corenbaum* do not help Universal here.

Having established that the Settlement Demand qualified as an "other paper" from which Universal could ascertain removability, and that Universal's receipt of the Settlement Demand triggered the second thirty-day removal period under § 1446(b)(3), all that remains is arithmetic. Using the more-generous triggering date of October 7, 2024, Universal had until November 6, 2024, to timely remove the case within the second thirty-day period. However, Universal did not remove until February 28, 2025, three months too late. (*See* NOR.) Accordingly, removal was untimely, and the Court must remand.

**B.    Attorney's Fees**

Taylor also seeks attorneys' fees and costs associated with removal and remand. (Mot. 13–14.) However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because neither party disputes that this case would be removable if done in a timely manner, and because Universal's basis for arguing that its removal was timely is not wholly unreasonable, the Court declines to award fees and costs in this case.

## V.    CONCLUSION

For the reasons above, the Court finds Universal's removal untimely and accordingly **GRANTS** Taylor's Motion. (ECF No. 8.) This action is hereby **REMANDED** to the Superior Court of California, County of Los Angeles, Alhambra Courthouse, 150 West Commonwealth Avenue, Alhambra, CA 91801, Case

No. 24NNCV04058. All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 8, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**